**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH WILLIAM PURVES,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-CV-3439-M** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28

U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II.  Procedural Background**

On August 6, 2009, Petitioner was convicted of delivery of a controlled substance

(cocaine), weighing at least 4 grams but less than 200 grams, enhanced by a prior felony

conviction. *State of Texas v. Joseph William Purves*, No. F-0857171 (Crim. Dist. Ct. No. 1,

Dallas County, Tex., Aug. 6, 2009). The jury sentenced him to twenty years in prison.

On December 18, 2008, the trial court denied Petitioner's motion for new trial. On

January 11, 2010, Petitioner's conviction and sentence were affirmed on direct appeal. *Purves v. State*, No. 05-08-01459-CR (Tex. App. – Dallas 2010, pet. ref'd). On August 25, 2010, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 0136-10.

On June 27, 2011, Petitioner filed a state habeas petition. *Ex parte Purves*, No. 76,261-01. On August 24, 2011, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On December 6, 2011, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1)   He received ineffective assistance of counsel because counsel failed to convey the deadline for Petitioner to accept the state's plea offer;

(2)   The prosecutor relied on inadmissible testimony to obtain his conviction; and

(3)   The evidence was insufficient to support the conviction.

On April 13, 2012, Respondent filed his answer. On May 14, 2012, Petitioner filed a response. The Court now determines the petition should be denied.

## III.  Factual Background

The following factual background is taken from the opinion of the Texas Fifth District Court of Appeals.

Dallas Police Officer Easton testified that on June 24, 2008, while conducting routine undercover surveillance, she saw a Chevrolet Suburban parked in front of a known drug house. Easton used the police radio to request a check of the license plate information and received information that the driver of that vehicle was a "possible wanted person." She also received a physical description of the person. As Officer Easton waited at the scene, she saw [Petitioner] and a female leave the house and get into the Suburban. Upon Officer Easton's request, uniformed officers stopped the vehicle as [Petitioner] drove away from the drug house. After the stop was made, Easton

approached the officers on the scene and provided a photograph, which matched [Petitioner].

Dallas Police Officer Campopiano testified that, upon Easton's request, he stopped a Chevrolet Suburban driven by [Petitioner].  At the time of the stop, [Petitioner] gave the officer a false name and false date of birth.  Officer Easton came on the scene and offered Campopiano a photograph, which matched [Petitioner].  After [Petitioner] saw the photograph, he admitted that he had lied about his identity.

[Petitioner] and his passenger were then arrested, and the Suburban was moved from the location of the stop to a nearby business parking lot.  Campopiano searched the vehicle and no weapons were found.

Officer Clayton testified that he assisted in the stop of the vehicle.  Clayton approached the female passenger when the stop was made.  The passenger told Clayton there were drugs hidden behind a speaker cover inside the vehicle.  When Clayton opened the speaker cover, he found a medicine bottle containing a substance, which tested positive for cocaine and weighed 4.5 grams.  Officer Francikowski, who also assisted in the stop, testified that the female passenger told him that the drugs found inside the vehicle belonged to [Petitioner].

Clayton discovered that [Petitioner] had been associated with this vehicle through a prior arrest.  Both [Petitioner] and his passenger told Officer Clayton that [Petitioner] owned the vehicle.  An eyewitness at the scene, who claimed to have known [Petitioner], also confirmed his ownership of the vehicle.  However, his name did not appear on the vehicle's registration.

Stephanie Vasquez testified that she was the eyewitness at the scene of the stop.  She told the jury that both she and [Petitioner's] passenger were prostitutes.  She claimed [Petitioner] did not have any money on the afternoon of June 24, 2008, to buy drugs.  She further testified that [Petitioner] was driving a vehicle which was not his, but belonged to a car dealership where he worked.  She stated [Petitioner] did not use cocaine, and she does not trade sex for drugs from [Petitioner].

*Purves v. State*, No. 05-08-01459-CR, slip op. at 1-2.

## IV.  Discussion

### A.  Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254, provide:

(d)     An application for a writ of habeas corpus on behalf of a person in custody
        pursuant to the judgment of a state court shall not be granted with respect to any
        claim that was adjudicated on the merits in State court proceedings unless the
        adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable
        application of, clearly established Federal law, as determined by the
        Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of
        the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ

of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts.  *See Williams v.

Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *See Williams*, 529 U.S. at 307.

**B.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1)

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be

highly deferential" and "every effort [must] be made to eliminate the distorting effects of

hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel failed to inform him of the deadline on a plea offer made by the state.  Petitioner raised this claim in his motion for new trial, and the court held a hearing on the claim.  Defense counsel testified that the week before trial, the prosecutor offered Petitioner a plea agreement of two years in prison.  (Mot. for New Trial at 6-7.)  Defense counsel stated he discussed the plea offer with Petitioner and informed Petitioner that, "he needed to take the offer, if he wanted it, because it would be off the table on the day of trial."  (*Id*. at 7.)  Petitioner testified at the hearing that his attorney did not inform him that he could not accept the plea on the day of trial.  (*Id*. at 10.)  After hearing the testimony, the trial court overruled Petitioner's motion for new trial.  On direct appeal, the court determined the record "contains some evidence that defense counsel informed appellant about the State's offer and applicable deadline . . . ." *Purves v. State*, No. 05-08-01459-CR at 4.  The court therefore denied Petitioner's claim. Petitioner has failed to show that the state court's decision to deny relief was unreasonable or contrary to clearly established federal law.  This claim should be denied.

**C.      Procedural Bar**

**(1)      Inadmissible Testimony**

Petitioner argues that: (1) the prosecutor and police officers impermissibly referred to Petitioner's prior criminal record during the guilt/innocence phase of the trial (Pet. Mem. at 9-10); (2) hearsay statements regarding witness Mahoney were improperly admitted (Pet. Mem. at 4-6); and (3) Petitioner's right to confront witness Mahoney was denied.  (*Id.*)  Respondent argues these claims are procedurally barred.

The record shows Petitioner failed to raise these claims on direct appeal.[1]  Petitioner attempted to raise these claims in his PDR, but because they were not argued on direct appeal, they could not be considered in his PDR.  *See Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990).  On state habeas review, the court found these claims were procedurally barred because Petitioner failed to raise them first on direct appeal and then in his PDR.  *Ex parte Purves* at 46.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To overcome the procedural bar, a petitioner must  demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice."  *Id*. at 524.

---

[1]On direct appeal, Petitioner argued that the court erred in admitting evidence of extraneous offenses at the punishment phase because the state failed to provide timely notice. Petitioner did not raise his current claim that the prosecutor and police officers impermissibly referred to his criminal record during the guilt/innocence phase of the trial.

In this case, Petitioner has shown no cause for the procedural default.  Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice.  This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).  To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.  *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him.  Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

### (2)   Insufficient Evidence

Petitioner argues the evidence is insufficient to support the conviction.  Respondent argues this claim is procedurally barred.

 The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record shows that Petitioner raised his insufficiency of the evidence claim on direct appeal, but he did not raise the claim in his PDR.  Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim.  The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review.  If this Court were to require Petitioner to

return to state court to exhaust this claim, it would be subject to dismissal.  Federal courts

ordinarily will not review questions of federal law when such a state procedural bar exists.  *Id*.

      Petitioner has failed to show cause for the default and "prejudice attributable thereto" or

demonstrate that the failure to consider the federal claim will result in a "fundamental

miscarriage of justice."  *Harris*, 489 U.S. at 262.  These claims should therefore be denied.

**D.**      **Summary**

      Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

**RECOMMENDATION**:

      The Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254 be DENIED.

      Signed this 31st  day of December, 2012.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).